UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANA M.,

                Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

**DECISION AND ORDER**

1:21-CV-00291 EAW

## INTRODUCTION

Represented by counsel, plaintiff Dana M. ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for disability insurance benefits ("DIB"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. 9; Dkt. 11) and Plaintiff's reply (Dkt. 12). For the reasons discussed below, the Commissioner's motion (Dkt. 11) is granted and Plaintiff's motion (Dkt. 9) is denied.

## BACKGROUND

Plaintiff protectively filed her application for DIB on October 25, 2017. (Dkt. 8 at 20, 114).[1]  In her application, Plaintiff alleged disability beginning September 15, 2017. (*Id.* at 20, 102).  Plaintiff's application was initially denied on May 4, 2018. (*Id.* at 116-20).  At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Brian LeCours on November 7, 2019, and March 6, 2020. (*Id.* at 40-100).  On April 9, 2020, the ALJ issued an unfavorable decision. (*Id.* at 17-37).  Plaintiff requested Appeals Council review; her request was denied on January 7, 2020, making the ALJ's determination the Commissioner's final decision. (*Id.* at 6-11).  This action followed.

## LEGAL STANDARD

### I.      District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)

---

[1]      When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

(quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.   <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically

equals the criteria of a Listing and meets the durational requirement, *id*. § 404.1509, the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id*. § 404.1520(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work.  *Id*. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id*. § 404.1520(g).  To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience.  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.    The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520.  Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through June 30, 2020.  (Dkt. 8 at 23).  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since September 15, 2017, the alleged onset date.  (*Id.*).

- 4 -

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: "history of right hip fracture, status post total hip replacement arthroplasty; shoulder disorder; and lumbar degenerative disc disease." (*Id.*). The ALJ also found that Plaintiff suffered from the non-severe impairments of hypertension, goiter, insomnia, depression, and anxiety. (*Id.* at 23-25).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 25-26). In particular, the ALJ considered the requirements of Listings 1.02 and 1.04 in reaching his conclusion. (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> [Plaintiff] can occasionally operate pedal controls (bilateral limitation). [Plaintiff] can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs but is never able to climb ladders, ropes or scaffolds. [Plaintiff] can frequently perform overhead reaching with the right, dominant, upper extremity; and should work indoors (primarily due to the need to ambulate on even surfaces).

(*Id.* at 26). At step four, the ALJ relied on the testimony of a vocational expert to find that Plaintiff was capable of performing her past relevant work as a medical record clerk and medical secretary. (*Id.* at 31). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 32).

II.   **The Commissioner's Determination is Supported by Substantial Evidence and Free from Reversible Error**

Plaintiff asks the Court to reverse the Commissioner's decision and remand for further proceedings, arguing that the ALJ failed to properly assess the opinion of physician's assistant ("PA") Valerie McDonald.  (Dkt. 9-1 at 10).  The Court is not persuaded by this argument, for the reasons that follow.

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).  Pursuant to the regulations applicable to Plaintiff's claim, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources."   20 C.F.R. § 404.1520c(a).  Instead, when a medical source provides one or more medical opinions, the Commissioner will consider those medical opinions from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of the applicable sections.  *Id*. Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, purpose and extent of the treatment relationship, and the examining relationship; (4) specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id*. at § 404.1520c(c).

When evaluating the persuasiveness of a medical opinion, the most important factors are supportability and consistency.   *Id*. at § 404.1520c(a).  With respect to "supportability," the Commissioner's regulations provide that "[t]he more relevant the

objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* at § 404.1520c(c)(1).  With respect to "consistency," the regulations prove that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at § 404.1520c(c)(2).

The ALJ must articulate his consideration of the medical opinion evidence, including how persuasive he finds the medical opinions in the case record.  *Id*. at § 404.1520c(b).  Specifically, the ALJ must explain how he considered the "supportability" and "consistency" factors for a medical source's opinion.  20 C.F.R. § 404.1520c(b)(2).  The ALJ may—but is not required to—explain how he considered the remaining factors. *Id*.

Here, the ALJ found PA McDonald's opinion unpersuasive and inconsistent with "the diagnoses, treatment records, and other objective evidence."  (Dkt. 8 at 30).  The ALJ particularly explained that PA McDonald's opinion that Plaintiff was incapable of even low stress jobs due to constant pain was inconsistent with Plaintiff's self-report that she was unaffected by stress, treatment records demonstrating that Plaintiff reported that she was doing well and was interested in beginning an exercise regime, and PA McDonald's own treatment records showing that Plaintiff had normal gait and posture and was in no acute distress.  (*Id*.).  In other words, the ALJ considered both the consistency of PA

McDonald's opinion with the other evidence of record, and whether it was supported by her own clinical findings.

Plaintiff argues that the ALJ did not consider "the opinion of Dr. [Joseph] Kowalski in the supportability analysis." (Dkt. 9-1 at 13). However, the "opinion" to which Plaintiff refers is actually a treatment note from August 30, 2018, in which Dr. Kowalski recorded Plaintiff's report that she had been unable to return to work since her hip replacement surgery in September of 2017. (Dkt. 8 at 601); *see Polynice v. Colvin*, 576 F. App'x 28, 31 (2d Cir. 2014) ("Much of what Polynice labels 'medical opinion' was no more than a doctor's recording of Polynice's own reports of pain."). Even assuming this statement is attributable to Dr. Kowalski, the applicable regulations are clear that a conclusory statement that a claimant is disabled is not a medical opinion. *See* 20 C.F.R. §§ 404.1513(a)(2), 404.1520b(c). And, in any event, the ALJ provided a meaningful explanation for why he did not find this statement by Dr. Kowalski persuasive. (Dkt. 8 at 30). Accordingly, the Court finds this argument by Plaintiff without merit.

Plaintiff next identifies several medical records from the fall of 2018—around the time that she suffered a fall and fractured her hip—that she asserts are consistent with PA McDonald's opinion. (Dkt. 9-1 at 13-14). However, PA McDonald did not issue the opinion in question until February 28, 2020 (*see* Dkt. 8 at 717), and—as the ALJ correctly noted—subsequent treatment notes indicated that Plaintiff's condition had significantly improved subsequent to her injury. Indeed, by December of 2018, Plaintiff reported to PA McDonald that she was "feeling well overall," "[e]xperiencing no pain," had "no limitations," and was able to perform all activities of daily living. (*Id*. at 633). The ALJ

did not err in not relying upon medical records related to an acute condition that subsequently improved.

Finally, Plaintiff argues that PA McDonald's opinion "is supported by evidence of Plaintiff's need for an ambulation device." (Dkt. 9-1 at 14). However, the ALJ expressly considered this issue in assessing PA McDonald's opinion, explaining that Plaintiff herself had "reported that she was not using a walking aid" and that PA McDonald's examinations showed normal gait and posture. (Dkt. 8 at 30). While Plaintiff may disagree with the ALJ's weighing of this evidence, that is not a basis for the Court to reverse the Commissioner's determination.

In sum, Plaintiff has failed to demonstrate that the ALJ committed reversible error in assessing PA McDonald's opinion, nor has she demonstrated any other basis for reversal or remand.

## **CONCLUSION**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 11) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt. 9) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      June 13, 2023
            Rochester, New York